# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID SMITH, | Case No. 5:20-cv-438 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Darrell A. Clay |
| CYNTHIA DAVIS, | |
| Respondent. | |

## OPINION AND ORDER

The Sixth Circuit reversed the denial of a writ of habeas corpus and remanded "with instructions that the district court issue Smith a writ of habeas corpus unless the State proceeds, within 180 days, to prosecute Smith in a new trial without utilizing Tolliver's identification of Smith, which shall be suppressed and excluded from evidence." (ECF No. 33, PageID #3060.) After a retrial in State court, Petitioner filed a motion to enforce the conditional writ, arguing that the State failed to follow the mandate issued pursuant to the Sixth Circuit's ruling. Following briefing and oral argument, the Court granted Petitioner's motion to enforce. (ECF No. 52.) After that ruling, the Court administratively stayed its ruling over Petitioner's objection until noon on July 28, 2025 to allow a decision on a stay of its ruling pending appeal in the normal course. Respondent then moved for a stay pending appeal.

## ANALYSIS

Although the parties have each appealed, the Court retains jurisdiction to enter a stay or set bail. *See* Fed. R. App. P. 8(a)(1); Fed. R. App. P. 23(c). While there

is a presumption that a successful habeas petitioner should be released from custody pending the State's appeal of a grant of habeas relief, this presumption can be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); Fed. R. App. P. Rule 23(c). The standards governing stays of civil judgements apply to the release of habeas petitioners pending appeal. *Hilton*, 481 U.S. at 776.

I. **Traditional Stay Factors**

The traditional factors for the issuance of a stay are: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.*; *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992).

I.A. **Likelihood of Success**

Respondent argues that the Court's decision was "without precedent" and, therefore, claims a likelihood of succeed on the merits on appeal. (ECF No. 56, PageID #3946.) To make this argument, Respondent cites three cases: (1) *Pitchess v. Davis*, 421 U.S. 482 (1975) (per curiam); (2) *Eddleman v. McKee*, 586 F.3d 409 (6th Cir. 2009); and (3) *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323 (6th Cir. 2014). When deciding that it had jurisdiction over Petitioner's motion to enforce, the Court gave consideration to each case and explained why the reasoning of each did not help Respondent. (*See* ECF No. 52, PageID #3897–3900.) Moreover, the Court made its jurisdictional determination by reference to Circuit precedent in *D'Ambrosio*

*v. Bagley*, 656 F.3d 379 (6th Cir. 2011), and the discussion between Justice Scalia and Justice Thomas in *Jennings v. Stephens*, 574 U.S. 271 (2015). (*See* ECF No. 52, PageID #3891 & #3912–14.) Based on the limited discussion in Respondent's motion for a stay, and the analysis of the jurisdictional question following briefing and oral argument in the Court's Opinion and Order dated May 12, 2025 (ECF No. 52), the Court cannot say that Respondent carried her burden of showing a likelihood of success on the merits on appeal, even recognizing the difficulty of making the same argument before a tribunal that previously found it wanting.

For her argument, Respondent also relies on Petitioner's emergency motions on the eve of the retrial of Petitioner David Smith at the Sixth Circuit and in the district court seeking clarification (prohibition, really) that the conditional writ did not allow the identification ultimately used at the retrial. (ECF No. 56, PageID #3946.) As the Court previously explained, this position reads too much into the emergency posture of Petitioner's requests. Nor does it properly understand the role of a federal court exercising habeas jurisdiction, which does not extend to general supervision of proceedings in State court.

Beyond these arguments, Respondent says nothing about the use of Tolliver's identification of Mr. Smith at his retrial. For all these reasons, this factor cuts against a stay.

### I.B. Irreparable Harm to the State

The Court recognizes that the State has a "strong interest in enforcing its criminal judgments in defending the integrity of its judicial system." *Miller v. Stovall*, 641 F. Supp. 2d 657, 670 (E.D. Mich. 2009). In recognition of that interest,

3

the Court issued a conditional writ, to afford the State the opportunity to vindicate its interests. As explained in its Opinion and Order dated May 12, 2025 (ECF No. 52, PageID #3905–08), the conviction at Mr. Smith's retrial in the State trial court suffers from the same constitutional violation that the Sixth Circuit found in his first. Although this factor favors a stay pending appeal, the fact that the State had the opportunity to protect its interests and failed to do so diminishes the force of this consideration somewhat on this record.

### I.C. Substantial Injury to Other Interested Parties

Here, the Court recognizes the interests of both the victim, Quortney Tolliver, and Petitioner David Smith. In *Dovala v. Baldauf*, No. 1:16-cv511, 2021 WL 1699917, at *8 (N.D. Ohio Apr. 29, 2021) (collecting cases), the court considered the victims interested parties after they presented statements through their representatives. That did not happen here. Still, Tolliver has an interest in this matter even if she has now moved out of State, did not attend the federal proceedings, and provided no statement to the Court.

Petitioner's continued incarceration in violation of the writ issued pursuant to the Sixth Circuit's mandate constitutes irreparable harm. Even taking account of Tolliver's interests, Mr. Smith's liberty interest carries the day under this stay factor.

### I.D. Public Interest

Finally, the Court considers "where the public interest lies." *Hilton*, 481 U.S. at 776. In many respects, the competing values and interests that inhere in the writ express the public interest. Principles of comity, federalism, and finality limit the reach of the writ, which nonetheless guards against unconstitutional convictions. In

4

those limited and rare circumstances where a writ may issue, its equitable nature seeks to vindicate the ends it serves. Here, the Sixth Circuit ruled that the State may hold Mr. Smith only after a trial that did not use Tolliver's identification. That did not happen. On the totality of the facts and circumstances presented, the public interest favors giving effect to the writ pending appeal. Indeed, a habeas petitioner enjoys a presumption of release following the issuance of a writ. Fed. R. App. P. 23(c); *Hilton*, 481 U.S. at 774. And "a conditional-release order [will not] permit a State to hold a prisoner under a new judgment infected by the same constitutional violation that justified the order's entry in the first place." *Jennings v. Stephens*, 574 U.S. 271, 288 (2015) (citations omitted) (Thomas, J., dissenting).

## II.    Additional Habeas Factors

When considering a stay pending appeal following the issuance of a writ of habeas corpus, a court may also consider the petitioner's risk of flight, the risk the petitioner will pose a danger to the public, and the State's interest in continuing custody and rehabilitation. *Hilton*, 481 U.S. at 777. Respondent argues that the risk of flight here "is monumental." (ECF No. 56, PageID #3947.) Further, she claims irreparable injury if a stay is not granted because a violent criminal will be released from custody. (*Id.*) Still, Respondent made no further argument or record on these points at the hearing on May 12, 2025 or in her motion to stay. For example, she presents no evidence about Mr. Smith's disciplinary record (or lack of one) while incarcerated for much of the last decade or whether he has family or other ties that might take him out of State.

5

### II.A. Flight

Although Respondent failed to develop a record that Mr. Smith poses a risk of flight, two facts in the record bear on the analysis here. First, following his first trial, Mr. Smith received a sentence of over twenty years in prison, and he has much of it left to serve. This fact provides an incentive to leave the State. Second, his criminal record includes multiple convictions for identity theft. (ECF No. 10-11, PageID #2809.) These facts raise a concern that Mr. Smith has an incentive to flee and some means (if dated) to do so.

### II.B. Safety

Mr. Smith has a lengthy criminal history—even without considering the events of the conviction giving rise to this habeas action. During Petitioner's first sentencing in 2016, the State trial court detailed his lengthy criminal history, which includes aggravated robbery, aggravated vehicular assault, identity fraud, and attempted felonious assault. (ECF No. 10-11, PageID #2808–09.) At the time of the offense at issue, he was on supervision. (*Id.*) These facts raise concern about the safety to the community generally. Further, he poses a risk in particular to the safety of Quortney Tolliver who testified against him.

### II.C. The State's Interest in Continuing Custody

Finally, the Court considers the State's interest in continued custody and rehabilitation. This "interest is strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *United States v. Bass*, 843 F. App'x 733, 738 (6th Cir. 2021) (quoting *Hilton*, 481 U.S. at 777). Without question, the amount of time left on

6

Mr. Smith's sentence is substantial. Still, before Mr. Smith's retrial, the State offered him a plea deal, which he did not accept, that would have resulted in a sentence of time served. (ECF No. 47-5.) This additional fact muddies the waters on this additional factor, so the Court disregards both the plea offered and any interest the State has in continuing custody.

## CONCLUSION

"Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Hilton*, 481 U.S. at 778. Here, Respondent does not have a strong likelihood of success on appeal. Assuming Respondent nonetheless presents a substantial case, the Court finds that the second factor of the traditional stay analysis (irreparable harm to the State) favors a stay pending appeal. Even so, the Court may fashion conditions to protect these interests. *See Dovala*, 2021 WL 1699917, at *9–10. But the Court cannot say that the fourth factor favors Respondent for the reasons explained above.

Whatever Respondent means by quoting the Court's words back to it (ECF No. 56, PageID #3947), the Court welcomes the scrutiny that both parties seek by filing their respective notices of appeal. Upon further consideration, the Court remains of the view that the Sixth Circuit deserves appropriate time to review the record and the parties' arguments for a stay pending appeal in light of the significant competing interests at stake. For that reason, the Court continues the stay until noon

on July 28, 2025. Because of the strength of the additional *Hilton* factors favoring a stay, even though they do not ultimately warrant a stay throughout the pendency of the appeal, the Court will impose a condition of location monitoring during the pendency of the appeal and order that Mr. Smith have no contact, directly or indirectly, with Quortney Tolliver.

For all these reasons, the Court **DENIES** a stay pending appeal but stays this decision until Monday July 28, 2025 at 12:00 p.m.

**SO ORDERED.**

Dated: May 20, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio